# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Andrea Person, ) | Civil Action No. 4:15-4606-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Angelia Rawski, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On February 8, 2017, this Court granted Respondent's motion for summary judgment and dismissed the petition for writ of habeas corpus. (Dkt. No. 28.) This matter is before the Court on Petitioner's motion for this Court to reconsider and alter that judgment. (Dkt. No. 30; Fed. R. Civ. P. 59.)

Petitioner challenges the Court's ruling that Petitioner's trial counsel were not ineffective in their decision to call Dr. Collins as an expert witness (Ground Two of the habeas petition). Specifically, Petitioner has asked the Court to examine whether the South Carolina Supreme Court's decision in *Ingle v. State*, 560 S.E.2d 401 (S.C. 2002), supports the opposite conclusion. This Court cited *Ingle* for the proposition that defense counsel may be ineffective for failing to investigate a witness's testimony when that testimony directly contradicts the theory of the defense. (Dkt. No. 28 at 10.) Petitioner now asks, "Why is Mr. Ingle granted relief because his counsel did not do a complete investigation, but Andrea Person is denied relief even though her counsel knew they were calling an expert whose testimony was adverse to Person on the primary issue in the case?" (Dkt. No. 30 at 2.)

This Court has outlined the differences between defense counsel's failure to investigate in *Ingle* and defense counsel's strategic decision to call Dr. Collins in this case. (Dkt. No. 28 at 10-

-1-

12.) The theory of the defense in Petitioner's case was that Petitioner gave a false confession to police and that the Victim died of pneumonia, not smothering. In the face of strong expert medical testimony from state witnesses that the Victim's pneumonia was insufficient to cause death, defense counsel made the strategic decision to call Dr. Collins as a witness because she was able to provide the strongest expert testimony that the Victim's pneumonia was both significant and more aligned with the physical symptoms than smothering. (Dkt. No. 1-6 at 451.) Defense counsel were aware that Dr. Collins was potentially vulnerable on cross-examination, but she offered perhaps their only hope to challenge the state's strong medical evidence.

Petitioner contends that "the only difference between *Ingle* and Petitioner's case is that Ingle's trial counsel had not investigated." (Dkt. No. 30 at 1.) As explained above, the circumstances in *Ingle* do not mirror the circumstances in Petitioner's case. The problematic witness in *Ingle* was an alibi witness, and defense counsel failed to ascertain how she would testify before putting her on the stand. The allegedly problematic witness in Petitioner's case is a highly trained medical professional called to provide evidence on a very specific medical point: whether Petitioner's pneumonia was significant enough to cause the Victim's death. Even if, as Petitioner contends, the "only" difference between the two cases is that defense counsel in *Ingle* failed to investigate, that difference is paramount in light of long-standing Supreme Court precedent on ineffective assistance of counsel claims: "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *see also Boseman v. Bazzle*, 364 F. App'x 796, 809-13 (4th Cir. 2010); *Wilkinson v. Polk*, 227 F. App'x 210, 217 (4th Cir. 2007). Petitioner's counsel investigated Dr. Collins's opinions and made the strategic decision to call her as a witness despite the risks they identified. The Court will not second-guess trial counsel's

-3-

strategy in a trial fraught with difficult strategic choices when trial counsel appreciated and navigated the possible courses of action to the best of their abilities.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 7, 2017
Charleston, South Carolina